IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Abram D. Braveboy, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-cv-3211-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Samuel Key, *as representative of the* ) | |
| *S.C. Attorney General*, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Abram D. Braveboy ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF Nos. 1, 2 ,10). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), finding the Complaint is subject to summary dismissal and recommending that the court dismiss this action without granting Plaintiff any further leave to amend his Complaint and without issuance and service of process. (ECF No. 12). Plaintiff filed objections to the Report, (ECF No. 14), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 12 at 1–2). Briefly, Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and being held at the Kershaw Correctional Institution. *See* (ECF No. 1). Plaintiff alleges that the Defendant violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well

1

as various federal statutes, and engaged in conspiracy, obstruction of justice, false imprisonment, and other civil rights violations. *See id*. at 4. Specifically, Plaintiff asserts that on January 11, 2017, the Richland County Court of Common Pleas invalidated his sentence and adjudicated him a "freeman" pursuant to Plaintiff's pending post-conviction relief ("PCR") action.[1] *Id*. at 5, 10. Plaintiff contends that, despite this adjudication, he has remained in SCDC's custody and that such continued incarceration constitutes false imprisonment and cruel and unusual punishment. *Id*. at 5. Plaintiff claims that, as a result of his continued incarceration, he has suffered false imprisonment, torture, mental anguish, emotional distress, defamation of character, and physical injuries. *Id*. at 6. For relief, Plaintiff seeks immediate release from custody as well as monetary damages. *Id*.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

---

[1] *See Braveboy v. State of South Carolina*, No. 2016-cp-40-05602, Richland County Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (last visited Jan. 26, 2021). The court may take judicial notice of court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'").

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett*

*v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint without further leave to amend for the following reasons: (1) the Defendant, Samuel Key, is an attorney with the South Carolina Attorney General's Office and is entitled to prosecutorial immunity; (2) Plaintiff's allegations are frivolous, because his PCR action is still pending and no order has been entered, let alone one invalidating his sentence; (3) to the extent Plaintiff seeks to be released from prison, the court does not have the authority to grant such relief in an action under § 1983; and (4) Plaintiff's claims for monetary damages are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because Plaintiff's conviction has not been invalidated. (ECF No. 12 at 4–8). The magistrate judge further noted that "Plaintiff cannot cure the defects in his Complaint by mere amendment . . . because amendment would be futile for the reasons stated above." *Id*. at 9 n.2. Accordingly, the magistrate judge recommends the court dismiss this action with prejudice. *Id*.

Although Plaintiff filed objections to the Report, the bulk of his objections are entirely unrelated and unresponsive to the magistrate judge's findings and conclusions. *See* (ECF No. 14). Most of Plaintiff's objections appear to merely repeat the allegations and arguments raised in his Complaint. *Compare id.*, with (ECF No. 1). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March

19, 2012). Nevertheless, the court is able to glean that Plaintiff (1) objects to the magistrate judge's conclusion that Defendant is entitled to prosecutorial immunity and should be dismissed because Plaintiff sued the South Carolina Attorney General and only named Samuel Key as a representative thereof; and (2) argues that he is entitled to have his case heard by a three-judge panel pursuant to 28 U.S.C. § 2284. *See* (ECF Nos. 14 at 1–2, 3, 5; 14-4 at 1–2, 6–7).

As to his first objection, the court notes that, from the face of the Complaint, it is unclear who Plaintiff sought to name as the Defendant in this case. On the first page of his Complaint, Plaintiff identifies the Defendant as "S.C. Attorney General Office (Agency)." (ECF No. 1 at 1). On the following page, however, Plaintiff lists the Defendant as "S.C. Attorney General (Mr. Samuel Key) Representative." *Id*. at 2. Nevertheless, throughout his Complaint, Plaintiff repeatedly refers to the "S.C. Attorney General" and the "State Attorney General Office" with respect to the alleged violations, *see generally id*., while Samuel Key is only mentioned once more in Plaintiff's cover letter as a representative and contact person for the Attorney General's Office, *see* (ECF No. 1-1 at 1). Thus, the court agrees with Plaintiff's objection to the extent he asserts that the South Carolina Attorney General's Office is the named Defendant in this action.

However, the court finds the magistrate judge properly concluded that the South Carolina Attorney General and all South Carolina Assistant Attorney Generals, including Samuel Key, are entitled to prosecutorial immunity as to the alleged violations set forth in the Complaint. *See* (ECF No. 12 at 5). It is well-established that "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). In this case, as the magistrate judge correctly noted, the alleged conduct which Plaintiff sets forth in his Complaint is "intricately related to the judicial

5

process and to the State's involvement in upholding a conviction." (ECF No. 12 at 6). Accordingly, both Samuel Key and the South Carolina Attorney General are absolutely immune from suit based on the allegations set forth in the Complaint. *See Dababnah*, 208 F.3d at 470. Therefore, the court adopts the magistrate judge's recommendation, as modified, and hereby dismisses both Samuel Key and the South Carolina Attorney General's Office as defendants to this action. Plaintiff's first objection is overruled.[2]

In his second objection, Plaintiff argues he is entitled to have his case decided by a three-judge panel under 28 U.S.C. § 2284. (ECF No. 14 at 4–5). The court notes, however, that § 2284 only applies to actions "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Therefore, this objection is without merit and is overruled.

As noted above, the remainder of the objections simply rehash the allegations in the Complaint and state Plaintiff's disagreement with the Report but fail to identify any error in the magistrate judge's analysis or conclusions. Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections

---

[2] Plaintiff's objections repeatedly refer to the "State of South Carolina" as the party responsible and liable for the alleged violations, *see* (ECF Nos. 14; 14-1; 14-3; 14-4); however, Plaintiff's Complaint does not name the State of South Carolina as a defendant in this case, *see* (ECF No. 1). To the extent Plaintiff seeks leave to amend his Complaint to name the State of South Carolina, such request is denied as futile because the State is not subject to claims under § 1983. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMP Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001) (noting a motion to amend should be denied when "the amendment would be futile"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" for purposes of a § 1983 claim, and finding that Congress did not intend to override the States' sovereign immunity by enacting the statute).

that do not direct the court to a specific error in the Report). Accordingly, the court need only review the remainder of the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court, therefore, adopts the magistrate judge's Report, as modified, (ECF No. 12), and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process. Plaintiff's pending motion for immediate release (ECF No. 3) is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 27, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.